**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

SPECIALTY RX INC.,

                Plaintiff,

      - against -

WHITE PLAINS NURSING HOME, INC. d/b/a BRONX
PARK REHABILITATION & NURSING CENTER

                Defendant.

-----------------------------------------------------------------------x

Case No. 1:20-cv-2651

**COMPLAINT**

Plaintiff SPECIALTY RX INC. ("Plaintiff"), by and through its attorneys Jacobowitz Newman Tversky LLP, for its complaint against defendant WHITE PLAINS NURSING HOME, INC. d/b/a BRONX PARK REHABILITATION & NURSING CENTER ("Defendant") alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for breach of contract, account stated, unjust enrichment, and for attorneys' fees stemming from Defendant's failure to pay Plaintiff for services and goods it provided to it pursuant to the parties' agreement.

**PARTIES**

2. Plaintiff is a New Jersey cooperation with a principal place of business at 2 Bergen Park, Ridgefield Park, New Jersey, 07660.

3. Upon information and belief, at all times relevant hereto, Defendant was, and still is, a New York limited liability company engaged in the operation of a registered skilled nursing facility located at 3845 Carpenter Ave, Bronx, New York 10647.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as this action is between citizens of different states and the amount of controversy therein exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is located in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. By agreement effective as of August 15, 2018, Plaintiff and Defendant entered into a "Pharmacy Services Provider Agreement" (the "Agreement"), which provided, *inter alia*, that Plaintiff would provide pharmaceutical related goods and services to the Defendant and be compensated therefor (collectively, the "Services").

7. The Agreement provided for a two-year term, which was to be automatically renewed for successive periods of two (2) years.

8. Pursuant to the terms of the Agreement, Plaintiff duly provided the Services to Defendant which Defendant accepted.

9. After providing the Services, Plaintiff prepared and delivered to the Defendant invoices as set forth in the Agreement.

10. Pursuant to the Agreement, the Defendant was required to tender payment to Plaintiff within sixty (60) days of receipt of invoice(s).

11. Nevertheless, although the Defendant received and accepted the Services from Plaintiffs and although Plaintiff provided the Defendant with invoices for the Services completed, Defendant failed to pay for all the Services provided, and currently owes Plaintiff $144,551.18 exclusive of any applicable fees or interest (the Outstanding Balance).

12. Additionally, the Defendant, on or about June 7, 2019, provided Plaintiff with a purported notice of termination, which blatantly failed to comply with the terms of the Agreement.

13. Plaintiff has demanded payment from the Defendant for the Services provided and the Outstanding Balance therefrom.

14. However, to date, the Outstanding Balance remains unpaid.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

15. Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

16. Plaintiff entered into a valid and binding Agreement with Defendant.

17. Pursuant to the Agreement, Defendant agreed to pay Plaintiff for the Services.

18. Pursuant to the Agreement, Plaintiff provided Services for which Defendant has not yet paid the Outstanding Balance.

19. Plaintiff has demanded that Defendant pay the amounts owed.

20. Defendant breached the Agreement by (1) failing and refusing to pay the Outstanding Balance for Services it received; and (2) attempting to terminate the Agreement early in blatant violation of the terms therein.

21. Plaintiff has performed all aspects of the Agreement that were its obligation to perform.

22. Therefore, Plaintiff is entitled to damages against Defendant for an amount to be further determined at trial but no less than $300,000.00, plus applicable fees, prejudgment interest at the maximum legal rate, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### (Account Stated)

23. Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

24. Plaintiff delivered statements of account to the Defendant for the Services at issue.

25. These statements were obtained by the Defendant and retained without objection.

26. The Defendant agreed to make payments as billed but, after accepting Plaintiff Services and agreeing to pay for them, the Defendant still failed to pay for the Services reflecting the Outstanding Balance owed.

27. Based on the foregoing, an account was stated between Plaintiff and the Defendant in the amount of $144,551.18. The Defendant did not object to the invoice statements, and accepted the account as correct.

28. Plaintiff is therefore entitled to damages against Defendant in the amount of $144,551.18 plus applicable fees, prejudgment interest at the maximum legal rate, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

29. Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

30. Upon its request, Plaintiff duly provided Services to Defendant which Defendant accepted.

31. Plaintiff expected to be compensated for these Services and repeatedly requested payments from the Defendant.

32. Though Defendant benefited from said Services it unlawfully refused to pay for them.

33. If Plaintiff is not duly compensated Defendant would be unjustly enriched.

34. Plaintiff has no adequate remedy at law.

35. Therefore, Plaintiff is entitled to damages against Defendant for at least the Outstanding Balance of $144,551.18, plus applicable fees, prejudgment interest at the maximum legal rate, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
**(Attorneys' Fees)**

36. Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

37. Pursuant to the terms of the Agreement, if either party brings an action to enforce the Agreement the prevailing party is entitled to recover its court costs and reasonable attorneys' fees.

38. As set forth above, the Defendant has plainly failed to abide by the terms of the Agreement by failing to pay the duly owed Outstanding Balance and sending out a purported notice of termination in disregard of the Agreement's express terms.

39. Accordingly, pursuant to the Agreement, Plaintiff is entitled to costs and attorneys' fees in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A.  Awarding Plaintiff damages against Defendant in an amount to be further determined but at least $300,000.00 plus applicable fees and prejudgment interest at the maximum legal rate;

B.  Awarding Plaintiff its attorneys' fees, costs and disbursements of this action; and

C.  Granting such other and further relief as to Plaintiff as the Court deems just and proper.

Dated: Valley Stream, New York
       March 30, 2020

**JACOBOWITZ NEWMAN TVERSKY LLP**
*Attorneys for Plaintiff*

By: */s/ Abraham Beinhorn*____
     Abraham S. Beinhorn
     Evan M. Newman
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
Tel: (516) 545-0343
Fax: (212) 671-1883
Email: abeinhorn@jntllp.com